UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND LOUIS REARDON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2103** |
| **ST. TAMMANY PARISH JAIL MEDICAL DEPARTMENT** | **SECTION "M" (5)** |

### REPORT AND RECOMMENDATION

In September 2025, pro se plaintiff, Raymond Louis Reardon, submitted this civil complaint pursuant to 42 U.S.C. § 1983, against the defendant, St. Tammany Parish Jail Medical Department. In his complaint, he alleges that he was denied physical therapy or any further medical attention after surgery on his arm and wrist. He requests monetary compensation.

Upon filing, the Clerk's Office notified him that the complaint was deficient because he had not submitted the filing fee or an application to proceed *in forma pauperis*. The record indicates that the Clerk mailed the notice and standard IFP form to Reardon at the address he provided on his complaint and gave him 21 days to comply. Rec. Doc. 2. He failed to respond to that deficiency notice.

On November 25, 2025, the undersigned issued an order directing Reardon to pay the filing fee or submit a pauper application. Rec. Doc. 3. He was ordered to respond by December 15, 2025. He was also warned that if he failed to comply with the order, the undersigned would recommend dismissal of his civil complaint. No mail has been returned as undeliverable. To date, Reardon has failed to comply with the Court's order.

The authority of a federal court to dismiss a plaintiff's action because of failure to prosecute is clear. The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* when necessary to achieve the orderly and expeditious disposition of cases. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962); *McCullough*, 835 F.2d at 1127; *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Grandpre v. Normand*, Civ. Action No. 16-1541, 2018 WL 691650 (E.D. La. Feb. 2, 2018) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Reardon has ignored an express Court order to remedy the deficiency and pay the required filing fee or submit a completed pauper application. In light of the foregoing, it is appropriate to dismiss plaintiff's complaint. If plaintiff intends to move forward with these proceedings, he has an opportunity to make that intent known within the 14-day objection window by submitting the filing fee or an application to proceed *in forma pauperis*.

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or comply with this Court's order.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this __7th__ day of January, 2026.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to 14 days.